UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cr-00362-MTS |
| ) | |
| DAWON HENNINGS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Court has conducted a de novo review of the entire record and will: (1) overrule Defendant Dawon Hennings' objections, and (2) incorporate and adopt Magistrate Judge Noelle Collins's Report and Recommendation ("Recommendation").

**I.   Background**

A grand jury charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pending before the Court is Defendant's Motion to Suppress Evidence and Statements, Doc. [29]. The Court referred Defendant's Motion to Magistrate Judge Noelle Collins. *See* 28 U.S.C. § 636(b). After an evidentiary hearing, Judge Collins issued a Report and Recommendation, Doc. [54], recommending denial of the Motion. Defendant filed objections to the Recommendation, Doc. [56], and the United States filed a Response, Doc. [57]. The matter is now ripe for ruling.

**II.   Standard**

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

1

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). In making its de novo determination, the Court reviewed the entire record, including all exhibits and the transcript of the evidentiary hearing held before Judge Collins on November 8, 2023.

### III. Discussion

#### a. Findings of Fact

After a complete review of the entire record, including hearing transcripts, filings, and exhibits, the Court finds that Judge Collins thoroughly set forth the relevant facts in the Recommendation. Therefore, the Court adopts and incorporates Judge Collins's factual findings in the Recommendation and will not repeat them here.[1]

#### b. Motion to Suppress Evidence and Statements

Defendant argues that the Recommendation "errs in blessing this stop as 'objectively reasonable because Officer Meyers and Officer Conley thought they observed a violation of local and state traffic laws.'" *Id*. at 3 (quoting Doc. [54] at 13).

St. Louis County Ordinance, § 1212.40-Driving Within Single Lane, reads in pertinent part:
> Upon any highway, roadway, alleyway, or driveway, which has been divided into two (2) or more clearly marked lanes for traffic, a vehicle shall be driven *as nearly*

---

[1] Defendant mentions that he objects to the Recommendation's description of the alleged violation as "completely cross[ing] the white fog line," but then states, "in the context of the R&R otherwise correctly describe[d] what happened as a minor lane violation, this error is immaterial." Doc. [56] at 4 n.7.

> *as practicable* entirely within a single lane. Such vehicle shall not be moved from the lane unless done with safety and without irregular movement.

(O. No. 12347, 11-22-85). (emphasis added). Defendant claims other courts have held the language "as nearly as practicable" contained in § 1212.040 "leaves room for slight and transitory encroachments of the fog line," but the Recommendation "reads that ordinance as tolerating *no deviations whatsoever* based on a case interpreting a meaningfully different statute that lacked similar language." Doc. [56] at 3.[2] Defendant maintains that the action of his vehicle crossing the fog line one time for a brief distance did not constitute reasonable suspicion of criminal activity and the Officers "acted unreasonably in curbing [Defendant] for a deviation that this ordinance plainly does not cover." *Id*.[3] The Recommendation found that the reasoning applied by the majority in *Smith* provided a sound basis for this Court to interpret St. Louis County Ordinance § 1212.040 in a similar fashion to other Missouri fog line traffic laws, and that § 1212.040 "makes no exception for momentary deviations regardless of the clear evidence that defendant Hennings' violation was minor." Doc. [54] at 12.[4] The Court agrees with the Recommendation's reasoning in this regard. Further, the Court also agrees that regardless of the extent of the traffic violation, Eighth Circuit

---

[2] *See State v. Smith*, 595 S.W.3d 143 (Mo. banc. 2020) ("[O]perating and directing the course of a vehicle on the shoulder by allowing a moving vehicle to leave the roadway, including briefly crossing the fog line, is a violation of section 304.15.2. . . Crossing the fog line and driving on the shoulder, therefore, is a traffic violation and creates a lawful justification for a traffic stop."). *Id*. at 146.

[3] Defendant acknowledges, however, that "some courts have concluded that stops based on minor encroachment were objectively reasonable under laws with language similar to the 'as nearly as practicable' limitation." *Id*. at 8, n. 17.

[4] *Smith*, 595 S.W.3d at n.8: "The dissenting opinion suggests any violation of section 304.015 should be based on the length and severity of the driver's deviation from the roadway to the shoulder, but section 304.015 makes no exceptions for 'momentary' or minor deviations, however they may be defined. Moreover, the issue is not whether Smith's conduct was sufficient to warrant a conviction for violating section 304.015. The issue, rather, is whether there was probable cause to believe Smith committed a traffic violation when he crossed the fog line. There is also no exception in Fourth Amendment jurisprudence for traffic violations that are commonplace among otherwise law-abiding citizens. As the [United States] Supreme Court has observed: 'Petitioners urge ... that the "multitude of applicable traffic and equipment regulations" is so large and so difficult to obey perfectly, that virtually everyone is guilty of violation, permitting the police to single out almost whomever they wish for a stop. **But we are aware of no principle that would allow us to decide at what point a code of law becomes so expansive and so commonly violated that infraction itself can no longer be the ordinary measure of the lawfulness of enforcement.** And even if we could identify such exorbitant codes, we do not know by what standard (or what right) we would decide, as petitioners would have us do, which particular provisions are sufficiently important to merit enforcement.'" (quoting *Wren*, 517 U.S. at 818-19, 116 S.Ct. 1769 (1996) (emphasis [supplied]).

case law instructs that "the determinative question is not whether a traffic violation had actually occurred, but 'whether an objectively reasonable police officer could have formed a reasonable suspicion that [the driver] was committing a code violation.'" *United States v. Cox*, 992 F.3d 706, 709 (8th Cir. 2021) (quoting *United States v. Martin*, 411 F.3d 998, 1001 (8th Cir. 2005)). "[T]he validity of a stop depends on whether the officer's actions were objectively reasonable in the circumstances." *Martin*, 411 F.3d at 1001. Probable cause exists when a reasonable officer, confronted with the facts known to the officer at the time of the stop, could have believed that there was a fair probability that a violation of law had occurred. *United States v. Holly*, 983 F.3d 361, 364 (8th Cir. 2020) (citing *United States v. Andrews*, 454 F.3d 919, 921 (8th Cir. 2006)).

The Court agrees with the Recommendation's conclusion that it was objectively reasonable for an officer in Officer Myers and Conley's position to think that Defendant violated the traffic ordinance when he crossed the fog line. The Court adopts the Recommendation's finding that the traffic stop of Defendant was based on probable cause, and the officers' traffic stop was objectively reasonable.

The Court also agrees with the Recommendation that Defendant has not argued or established that law enforcement violated his constitutional rights in any other fashion as to find the exclusionary rule applicable to suppress "the gun and related statements." *See* Doc. [54] at 14; *see also* Doc. [56] at 8. As stated in the Recommendation, "Defendant has not argued specific grounds that police lacked reasonable suspicion to order him and the passengers out of the car, to conduct a search of his person, or that his arrest was invalid on other grounds. Regardless, there is no evidence in the record that such claims have merit," Doc. [54] at 14 n.4, and Defendant has not made any specific objections to any portion of the Recommendation regarding issues concerning the gun and related statements, as required by 28 U. S.C. § 636(b)(1).

**IV.     Conclusion**

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Collins, Doc. [54], is **SUSTAINED, ADOPTED, AND INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation, Doc. [56], are **OVERRULED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Suppress Statements and Evidence, Doc. [29], is **DENIED**.

Dated this 6th day of February, 2024

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE